**JAW LEGAL**
Jared A. Washkowitz (SBN 226211)
1050 Bishop Street #450
Honolulu, HI 96813
Telephone: (808) 840-7410
Facsimile: (415) 520-9729
Email: jw102475@gmail.com
*Attorneys for Plaintiff JIAN WU*

Filed
JAN 14 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI ③

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV13- 0188 PSG

| | |
|---|---|
| JIAN WU, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES; SUMMONS** |
| vs. | **DEMAND FOR JURY TRIAL** |
| EAN HOLDINGS, LLC dba ALAMO RENT-A-CAR., a foreign limited liability company; ENTERPRISE HOLDINGS, INC., a foreign corporation; GENERAL MOTORS COMPANY, a foreign corporation; and DOES 1-50, | |
| Defendants. | |

Plaintiff JIAN WU (herein "Plaintiff") hereby sues Defendants EAN HOLDINGS, L.L.C. dba ALAMO RENT-A-CAR, ENTERPRISE HOLDINGS, INC., GENERAL MOTORS COMPANY, and DOES 1-50 (collectively, "Defendants") as follows:

-1-

COMPLAINT FOR DAMAGES
CASE NO.: _____

## JURISDICTION

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California and Defendants are citizens of the States of Missouri and Michigan, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendants because Defendants conduct business within this District and at all material times have sufficient minimum contacts within this District to subject them to the personal jurisdiction of this Court.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because all Defendants reside within this District and are subject to personal jurisdiction within this District within the meaning of 28 U.S.C. § 1391(a) and (c).

## INTRADISTRICT ASSIGNMENT

4. Pursuant to N.D. Cal. Local Rule 3-2(c) and (e), intradistrict assignment to the San Jose Division is proper because a substantial part of the events that give rise to the claims asserted herein occurred in Santa Clara County.

## PARTIES

5. Plaintiff is and was at all material times a resident of Santa Clara County, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant EAN HOLDINGS, L.L.C. dba ALAMO-RENT-A-CAR is and was at all material times a limited liability company organized and existing under the laws of the State of Missouri with its

-2-

principal place of business in St. Louis, Missouri, and conducting business in the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant ENTERPRISE HOLDIGNS, INC. is and was at all material times a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis, Missouri, and conducting business in the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant GENERAL MOTORS COMPANY is and was at all material times a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Detroit, Michigan, and conducting business in the State of California.

9. The true names and capacities of Defendants DOES 1 - 50, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

10. Plaintiff alleges that all named Defendants and DOES 1-50, inclusive, acted together in committing the violations alleged herein. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times each of the Defendants DOES 1-50, inclusive was the agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said agency, partnership, and/or employment, and with the express or implied knowledge, permission, authority, approval, ratification, and consent of the remaining Defendants, and each Defendant was responsible for the acts alleged herein.

-3-

COMPLAINT FOR DAMAGES
CASE NO.: _____

## GENERAL ALLEGATIONS

11. Plaintiff is and was at all material times a senior executive of VanceInfo Technologies, Inc., a Fortune 500 technology company headquartered in China with offices located in Santa Clara, California.

12. On September 10, 2011, Plaintiff and several of his colleagues travelled from San Francisco International Airport to Orlando International Airport (herein "MCO") in Orlando, Florida. The purpose of the trip was to meet potential customers of VanceInfo at a conference in Orlando. After the Orlando conference, Plaintiff's itinerary called for him to continue to New York in order to meet with an important existing customer of VanceInfo.

13. Upon arrival at MCO, Plaintiff and his colleagues went to a car rental kiosk owned and operated by Defendants EAN HOLDINGS, L.L.C. dba ALAMO RENT-A-CAR, ENTERPRISE HOLDINGS, INC., and DOES 1-25 (herein "the Alamo Defendants") located in the airport in order to rent a vehicle.

14. At approximately 6:59 p.m., Plaintiff's colleague Shuai Yuan signed a Rental Agreement with the Alamo Defendants, Contract No. T00066WK, Ext. Ref. No. 3446022172, Res. No. 568800704, in order to rent a late model black Chevy Malibu sedan, Florida License Plate: 867-LZA (herein "the Vehicle").

15. At all material times the Vehicle was designed, manufactured, and sold by Defendants GENERAL MOTORS COMPANY and DOES 26-50 (herein "the GM Defendants"), and the Vehicle was distributed and placed in the stream of commerce by the Alamo Defendants and the GM Defendants.

16. The day after the Vehicle was rented, Plaintiff went to place his luggage in the trunk of the Vehicle. Plaintiff opened the trunk of the Vehicle and reached into the trunk to

place his luggage down. While Plaintiff was placing his luggage in the trunk, without warning, the trunk of the Vehicle slammed down, striking Plaintiff's left hand and amputating the upper portion of Plaintiff's left middle finger.

17. At all material times while opening the Vehicle's trunk and placing his luggage in the trunk, Plaintiff exercised reasonable care under the circumstances. Plaintiff and several witnesses who observed the incident determined that the Vehicle's trunk slammed on Plaintiff's finger due to a broken and/or defective spring and/or other trunk regulating equipment (herein "defective spring") located inside the trunk.

18. Plaintiff was taken by ambulance to a hospital in the Orlando area, where doctors tried unsuccessfully to re-attach Plaintiff's amputated finger.

19. After his hospitalization in Florida, Plaintiff had to cancel the remainder of his business trip and he immediately returned to California, where Plaintiff received further medical treatment and continues to receive further medical treatment related to his finger.

20. On or around September 15, 2011, Plaintiff through his counsel sent a letter to the Alamo Defendants notifying them of the incident and requesting that they preserve the Vehicle as evidence. The letter to the Alamo Defendants included a description of the incident and photographs of the Vehicle, rental contract and defective spring. Upon information and belief the Alamo Defendants sold the Vehicle shortly after the incident and failed to preserve any evidence related to the incident.

**FIRST CLAIM FOR RELIEF**

**(Negligence vs. the Alamo Defendants)**

21. Plaintiff re-alleges and incorporates by reference herein all foregoing paragraphs as if they were set forth again herein.

COMPLAINT FOR DAMAGES
CASE NO.: _____

22. At all material times, Plaintiff was a foreseeable user of the Vehicle.

23. At all material times, the Alamo Defendants owed a duty to Plaintiff to maintain and repair the Vehicle in a safe condition and to warn Plaintiff of dangerous conditions in the Vehicle.

24. At all material times, the Alamo Defendants knew or should have known that the Vehicle was not in safe condition by virtue of the defective spring in the trunk of the Vehicle.

25. At all material times, the Alamo Defendants breached the aforesaid duties it owed to foreseeable users of the Vehicle such as Plaintiff by:

(a) failing to use reasonable care in inspecting the Vehicle for defects;

(b) failing to use reasonable care in making the Vehicle safe for its intended use;

(c) failing to use reasonable care to adequately warn foreseeable users of the Vehicle of known dangers, including but not limited to the defective spring; and

(d) by committing such further acts and omissions as revealed through discovery.

26. As a direct and proximate result of the Alamo Defendants' negligence as described herein, Plaintiff suffered severe physical and emotional injuries, and incurred general, special and other damages in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF

**(Products Liability- Failure to Warn vs. the Alamo Defendants)**

27. Plaintiff realleges and incorporates by reference all foregoing paragraphs of this Complaint as if they were set forth again herein.

COMPLAINT FOR DAMAGES
CASE NO.: _____

28. At all material times the Alamo Defendants manufactured, distributed, and/or sold the Vehicle, and Plaintiff was a foreseeable user of the Vehicle.

29. At all material times the defective spring in the Vehicle's trunk was a potential risk that was known to the Alamo Defendants at the time of manufacturing, distribution and/or sale of the Vehicle.

30. The potential risks as alleged herein presented a substantial danger to foreseeable users such as Plaintiff when the Vehicle is used in an intended or reasonably foreseeable way.

31. Ordinary users of the Vehicle such as Plaintiff would not have recognized the potential risks of the Vehicle.

32. The Alamo Defendants failed to adequately warn foreseeable users such as Plaintiff of the potential risks of the Vehicle.

33. As a direct and proximate result of the Alamo Defendants' conduct as alleged and other damages in amount to be proven at trial.

34. The lack of sufficient warnings was a substantial factor in causing Plaintiff's harm.

### THIRD CLAIM FOR RELIEF

**(Negligent Infliction of Emotional Distress vs. the Alamo Defendants)**

35. Plaintiff realleges and incorporates by reference all foregoing paragraphs of the Complaint as if they were set forth again herein.

36. The Alamo Defendants were negligent as alleged herein above, and their negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

COMPLAINT FOR DAMAGES
CASE NO.: _____

37. As a direct and proximate result of the Alamo Defendants' negligence, Plaintiff suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, worry, shock, humiliation and shame.

## FOURTH CLAIM FOR RELIEF

### (Products Liability- Manufacturing Defect vs. The GM Defendants)

38. Plaintiff realleges and incorporates by reference all foregoing paragraphs of the Complaint as if they were set forth again herein.

39. At all material times the GM Defendants manufactured, distributed, and/or sold the Vehicle, and Plaintiff was a foreseeable user of the Vehicle.

40. At all material times the broken spring in the Vehicle's trunk constituted a manufacturing defect, and the manufacturing defect existed when the Vehicle left the GM Defendants' possession and control.

41. As a direct and proximate result of the Vehicle's manufacturing defect as alleged herein, Plaintiff suffered severe physical and emotional injuries, and incurred general, special and other damages in amount to be proven at trial.

42. The manufacturing defect as alleged herein was a substantial factor in causing Plaintiff's harm.

## FIFTH CLAIM FOR RELIEF

### (Products Liability- Design Defect vs. The GM Defendants)

43. Plaintiff realleges and incorporates by reference all foregoing paragraphs of this Complaint as if they were set forth again herein.

44. At all material times the GM Defendants manufactured, distributed, and/or sold the Vehicle, and Plaintiff was a foreseeable user of the Vehicle.

45. At all material times, by virtue of the Vehicle's trunk slamming down on Plaintiff's hand and amputating a portion of Plaintiff's left middle finger due to the defective spring, the Vehicle did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

46. As a direct and proximate result of the Vehicle's design defect as alleged herein, Plaintiff suffered severe physical and emotional injuries, and incurred general, special and other damages in amount to be proven at trial.

47. The design defect as alleged herein was a substantial factor in causing Plaintiff's harm.

## SIXTH CLAIM FOR RELIEF

**(Products Liability- Failure to Warn vs. The GM Defendants)**

48. Plaintiff realleges and incorporates by reference all foregoing paragraphs of this Complaint as if they were set forth again herein.

49. At all material times the GM Defendants manufactured, distributed, and/or sold the Vehicle, and Plaintiff was a foreseeable user of the Vehicle.

50. At all material times the defective spring in the Vehicle's trunk was a potential risk that was known to the GM Defendants at the time of manufacturing, distribution and/or sale of the Vehicle.

51. The potential risks as alleged herein presented a substantial danger to foreseeable users such as Plaintiff when the Vehicle is used in an intended or reasonably foreseeable way.

52. Ordinary users of the Vehicle such as Plaintiff would not have recognized the potential risks of the Vehicle.

53. The GM Defendants failed to adequately warn foreseeable users such as Plaintiff of the potential risks of the Vehicle.

54. As a direct and proximate result of the GM Defendants' conduct as alleged herein, Plaintiff suffered severe physical and emotional injuries, and incurred general, special and other damages in amount to be proven at trial.

55. The lack of sufficient warnings was a substantial factor in causing Plaintiff's harm.

## SEVENTH CLAIM FOR RELIEF

### (Negligence vs. the GM Defendants)

56. Plaintiff re-alleges and incorporates by reference herein all foregoing paragraphs as if they were set forth again herein.

57. At all material times, Plaintiff was a foreseeable user of the Vehicle.

58. At all material times, the GM Defendants owed a duty to Plaintiff to manufacture, maintain and repair the Vehicle in a safe condition and to warn Plaintiff of dangerous conditions in the Vehicle.

59. At all material times, the GM Defendants knew or should have known that the Vehicle was not in safe condition by virtue of the defective spring in the trunk of the Vehicle.

60. At all material times, the GM Defendants breached the aforesaid duties it owed to foreseeable users of the Vehicle such as Plaintiff by:

    (a) failing to inspect the Vehicle for defects;

    (b) failing to make the Vehicle safe for its intended use;

    (b) failing to adequately warn foreseeable users of the Vehicle of known dangers, including but not limited to the defective spring; and

COMPLAINT FOR DAMAGES
CASE NO.: _____

(d) by committing such further acts and omissions as revealed through discovery.

61. As a direct and proximate result of the GM Defendants' negligence as described herein, Plaintiff suffered severe physical and emotional injuries, and incurred general, special and other damages in amounts to be proven at trial

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JIAN WU prays for relief against all Defendants, jointly and severally, as follows:

A. General damages in an amount in excess of this Court's jurisdictional minimum;

B. Special damages in an amount in excess of this Court's jurisdictional minimum;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorney's fees and costs of suit;

E. Such other legal, injunctive and equitable relief as the Court may deem just and proper.

Dated: Jan. 8, 2013

JAW LEGAL

Jared A. Washkowitz
Attorneys for Plaintiff JIAN WU

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial pursuant to applicable law.

Dated: Jan. 8, 2013

JAW LEGAL

Jared A. Washkowitz
Attorneys for Plaintiff JIAN WU

COMPLAINT FOR DAMAGES
CASE NO.: