UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIAN WU,<br><br>            Plaintiff,<br><br>    v.<br><br>EAN HOLDINGS, LLC dba ALAMO RENT-A-CAR, et al.,<br><br>            Defendants. | Case No. 5:13-cv-00188-PSG<br><br>**OMNIBUS ORDER RE: MOTIONS IN LIMINE**<br><br>(**Re: Docket No. 60, 61, 62, 63, 64, 65, 66, 67, 72, 73, 74, and 87**) |

Before the court are the parties' motions in limine. At yesterday's hearing on these motions, the court issued its rulings from the bench. This order memorializes those rulings. The court ORDERS as follows:

**I. GM'S MILS**

**1.    GM's MIL No. 1**

Wu's expert Mr. McIlwraith may not speak to the condition of the right strut, because McIlwraith did not offer an opinion about the strut in his report. McIlwraith may speak to when the right strut was made available to him. With respect to eyewitness testimony about the right strut, eyewitnesses may testify as to what they have seen. Of course, GM may cross-examine those witnesses about their observations.

1

Case No. 5:13-cv-00188-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

**2.      GM's MIL No. 2**

Because the court finds that the probative value of photos of the injury is not substantially outweighed by the danger of unfair prejudice, those photos will not be excluded on Fed. R. Evid. 403 grounds.[1]

**3.      GM's MIL No. 3**

GM's MIL No. 3 is unopposed and GRANTED on that basis.  Evidence of medical bills actually paid may be submitted to the jury.

**4.      GM's MIL No. 4**

GM's MIL No. 4 seeks to preclude reference to Wu's lost wages.  Wu does not facially oppose the motion, but would like to be able to discuss the impact of the accident on his diminished self-confidence and heightened self-consciousness when speaking publicly incident to his occupation.  In light of Wu's non-opposition, the court GRANTS MIL No. 4.  While Wu may speak more generally on the impact of the accident on his job, he may not make any claim about lost wages past or future.  If lost wages are implicated through Wu's testimony, GM may cross-examine Wu about what specific claims are at issue in this case.

**5.      GM's MIL No. 5**

GM's MIL No. 5 is unopposed and GRANTED on that basis.

**6.      GM's MIL No. 6**

GM's MIL No. 6 is unopposed and GRANTED on that basis.  No reference to GM's overall size and wealth may be made at trial.

**7.      GM's MIL No. 7**

GM's MIL No. 7 seeks to exclude the use of the term strict liability, because it is not in the

---

[1] *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

body of the CACI jury instructions, only the caption.[2] The court DENIES GM's motion. Cross-examination and attorney argument provide an adequate basis to protect GM's interest on this issue.

**8.   GM's MIL No. 8**

GM's MIL No. 8 seeks to preclude reference to dissimilar incidents involving struts replaced in model year 2008-2012 Malibus. Wu believes such evidence is relevant to show that the strut's failure is not an isolated incident. GM counters that it need not argue that the rate of strut failure was de minimus because there is no design claim remaining in this case. Because (1) there are not going to be references to the strut's performance in other contexts, (2) there are no design claims remaining in this case, and (3) counsel has represented that GM will not rely on this evidence at trial, the court GRANTS GM's MIL No. 8.

**9.   GM's MIL No. 9**

GM's MIL No. 9 seeks to preclude McIlwraith's expert opinion on Wu's manufacturing defect claim because he cannot say whether the strut failed because someone broke it or because there was a manufacturing defect. Because the concerns implicated by GM's motion can all be addressed through a vigorous cross-examination, precluding McIlwraith's testimony altogether is not warranted. GM's MIL No. 9 is DENIED.

## II. WU'S MILS

**1.   Wu's MIL No. 1**

Although the court understands the CACI instruction touches on the plaintiff's lifestyle, the court finds discussion of Wu's income is not warranted in this case. Wu's MIL No. 1 is GRANTED.

---

[2] CACI 1200 ("1200 Strict Liability—Essential Factual Elements").

3

Case No. 5:13-cv-00188-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

**2.  Wu's MIL No. 2**

The court GRANTS Wu's MIL No. 2 precluding a discussion of Wu's assets including the types of vehicles that he owns and drives.

**3.  Wu's MIL No. 3**

Wu's MIL No. 3 seeks to preclude pictures taken of the Malibu at issue after it was located late last year by GM. The motion is DENIED, but both sides may discuss their delayed access to inspect and evaluate the car at trial.

### III. REMOTE TESTIMONY OF WITNESSES

The court DENIES Wu's request that some of its witnesses be permitted to testify by phone at trial. Witnesses must appear at trial, in part, so opposing counsel may cross-examine each witness in-person enabling the jury to fulfill its obligation to assess the credibility of each witness and weigh the marshaled evidence.

### IV. LIFE EXPECTANCY CHART

Wu also requests the court take judicial notice of a life expectancy chart.[3] Because the court believes that chart's factual underpinnings are subject to reasonable dispute, judicial notice is not warranted. Wu's request is DENIED.

**IT IS SO ORDERED.**

Dated: January 22, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").